`IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

CHARLENE CELLA BRADFORD  )
                         )  **Case No. 3:24-cv-01136**
v.                       )  **Judge Richardson**
                         )  **Magistrate Judge Holmes**
JESSICA REED *et al.*    )

# O R D E R

Pending before the Court are two motions to stay discovery: Defendant Jessica Reed's motion (Docket No. 57) and Defendants Melissa Colvin and Williamson County, Tennessee's motion (Docket No. 58). Plaintiff Charlene Cella Bradford responded in opposition to the latter motion (Docket No. 60). For the reasons detailed below, the motions (Docket Nos. 57, 58) are **GRANTED**.

## I.       BACKGROUND

In her complaint, Plaintiff raises eight claims: unlawful search in violation of the Fourth Amendment against all three Defendants (Count I); false arrest against Defendant Colvin (Count II); malicious prosecution against all three Defendants (Count III); false imprisonment against Defendant Reed and Defendant Colvin (Count IV); failure to train against Defendant Williamson County (Count VI);[1] a violation of substantive due process rights under the Fourteenth Amendment against all three Defendants (Count VII); excessive bail in violation of the Eighth Amendment against Defendant Reed and Defendant Colvin (Count VIII); and a conspiracy to

---

[1] Plaintiff did not include a Count V in her complaint. Separately, as to Count VI, in her response to Defendant Colvin and Defendant Williamson County's motion to dismiss, Plaintiff "concedes her claim for municipal liability against [Defendant] Williamson County." (Docket No. 41 at 2.) However, because the Court has not yet dismissed this claim, the Court will treat Count VI as though it is still asserted against Defendant Williamson County.

violate Plaintiff's rights under the Fourth and Fourteenth Amendment against Defendant Reed and Defendant Colvin (Count IX). (Docket No. 17 at ¶¶ 76–118.) Plaintiff seeks a declaratory judgment regarding her claims under the Fourth and Fourteenth Amendments; nominal damages from all Defendants; compensatory damages from Defendant Reed and Defendant Colvin for $10,000,000 each; punitive damages from Defendant Reed and Defendant Colvin; and attorney's fees and costs under 42 U.S.C. § 1988. (*Id.* at 26–27.)

In response to Plaintiff's complaint, all three Defendants moved to dismiss Plaintiff's claims. Defendant Colvin and Defendant Williamson County filed a joint motion to dismiss in which they argue that the claims against Defendant Colvin are barred by qualified immunity and the claim for failure to train against Defendant Williamson County failed to allege the underlying violation of a constitutional right or that such right was clearly established.[2] (Docket No. 27.) Defendant Reed filed a motion to dismiss and also argued that the claims against her are barred by qualified or absolute immunity, and that service of process was insufficient. (Docket No. 32). The motions to dismiss remain pending for consideration by the District Judge.

In the pending motions to stay discovery, Defendants ask the Court to stay discovery on all claims asserted against them because they have asserted absolute or qualified immunity in their pending motions to dismiss. (Docket Nos. 57, 58.) Plaintiff explicitly opposes Defendant Colvin's motion and argues that a stay of discovery is inappropriate because the pending motions to dismiss reference matters outside of the pleadings, and therefore the motions should be converted to motions for summary judgment and discovery should be permitted.[3] (Docket No. 60.)

---

[2] *See id.*

[3] The Court presumes that Plaintiff opposes Defendant Reed's motion to stay discovery, even though she did not file a response indicating her opposition.

As a preliminary matter, the Court notes that the initial case management conference has been rescheduled for June 23, 2025. (Docket No. 30.) In the absence of an order permitting discovery prior to the initial case management conference, the parties are not currently permitted to exchange discovery. Fed. R. Civ. P. 26(d)(1). For that reason, the motions to stay discovery are not exigent. Nevertheless, because Defendants' motions followed a reminder by the Court of the necessity for an explicit motion to stay (Docket No. 38), the Court will address the merits of the motions.

## II.     LAW AND ANALYSIS

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

However, when a defendant "files a motion to dismiss based on qualified immunity, the court must stay discovery until that issue is decided." *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (citation and quotation marks omitted). "Qualified immunity shields government officials from civil [individual] liability in the performance of their duties so long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Getz v. Swoap*, 833 F.3d 646, 652 (6th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The purpose of qualified immunity "is not only protection from civil damages but protection from the rigors of litigation itself, including the potential

disruptiveness of discovery." *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004) (citations omitted).

Nevertheless, qualified immunity "is a right to immunity from certain claims, not from litigation in general." *In re Flint Water Cases*, 960 F.3d at 826 (citation omitted). Accordingly, when a defendant "is subject to discovery requests on claims for which she does not or cannot assert qualified immunity, such discovery requests do not implicate her right to qualified immunity." *Id.* (quotation omitted). *See also Mitchell v. Ohio State Univ.*, No. 2:19-CV-4162, 2020 WL 548326, at *3 (S.D. Ohio Feb. 3, 2020) ("The Individual Defendants are not entitled to avoid participating in discovery in the entire action merely because some of Plaintiff's claims against them may be subject to an immunity defense.")

Here, Defendants Reed and Colvin assert qualified immunity with respect to the claims against them. Accordingly, a stay of discovery is appropriate as to all of Plaintiff's claims against Defendant Reed and Defendant Colvin. Both are being sued in the individual capacities and have raised the issue of qualified immunity in their motions to dismiss. While the qualified immunity defense is unavailable to government entities, the Court finds that a stay of discovery is also appropriate as to Plaintiff's claims against Defendant Williamson County, to the extent that Plaintiff continues to assert any such claims.[4]

The Court finds Plaintiff's arguments regarding conversion of the pending motions to dismiss into motions for summary judgment to be unavailing to the question of whether a stay of discovery is appropriate in light of Plaintiff's qualified immunity assertions. The question of whether the motions to dismiss should be converted and whether discovery should be allowed in

---

[4] To be clear, this stay of discovery should not be construed as a determination by or even an expression of opinion of the undersigned of the merits of the asserted immunity defense, as that issue remains pending for the District Judge's determination.

4

that context is within the sole discretion of the District Judge. The Court's opinion in this instance has no bearing on whether discovery may or may not be appropriate if the District Judge finds that the motions to dismiss should be converted to motions for summary judgment. Plaintiff offers no other substantive arguments against a stay of discovery. In other words, the District Judge may find that discovery is appropriate in another context. At this juncture, however, discovery is stayed pending the District Judge's decision on the pending motions to dismiss. Nevertheless, the Court may revise the scope of this stay of discovery following the initial case management conference.

### III.    CONCLUSION

For these reasons, Defendant Jessica Reed's motion to stay discovery (Docket No. 57) is **GRANTED**, and Defendants Melissa Colvin and Williamson County, Tennessee's motion to stay discovery (Docket No. 58) is **GRANTED**, subject to further order.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

5